**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSCELYN RAMOS et al., | Case No. 2:21-cv-07382-MCS-AFM |
| Plaintiffs, | **ORDER REMANDING CASE** |
| v. | |
| FCA US LLC et al., | |
| Defendants. | |

Plaintiffs Joscelyn Ramos and Karla Henriquez question the Court's subject-matter jurisdiction over this matter. (Joint Rule 26(f) Report 3, ECF No. 12.) The Court ordered the parties to brief whether exercise of diversity jurisdiction is appropriate given the Court's doubts about the amount in controversy. (Order Requiring Briefing, ECF No. 14.) Defendant FCA US LLC submitted a brief; Plaintiffs did not. (Def.'s Br., ECF No. 18.)

**I.  BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). Plaintiffs leased a 2020 Jeep Wrangler (the "Vehicle") in November 2019. The Vehicle exhibited defects. Defendant was unable to timely rectify the defects and refused to replace the Vehicle or provide restitution. The Complaint seeks damages, replacement

or restitution, incidental and consequential damages, a civil penalty, costs of suit and reasonable fees, and prejudgment interest. Plaintiffs submit that the amount in controversy exceeds $25,000. (*See generally* Compl., ECF No. 1-1.)

Plaintiffs initiated this proceeding in the Los Angeles County Superior Court, No. 21STCV24116. Asserting diversity jurisdiction, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.)

## II. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

### B. Amount in Controversy

To invoke diversity jurisdiction, a party must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## III. DISCUSSION

The amount in controversy is not clear from the face of the Complaint: Plaintiffs expressly plead for damages in excess of $25,000, but the prayer for relief does not indicate whether the total amount they seek exceeds $75,000. (Compl. ¶¶ 15, Prayer.) *Cf. Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020) ("[T]he Complaint alleges that Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00. Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether all these damages are subsumed within the request for $25,001." (internal quotation marks and citation omitted)). Thus, Defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.

### A. Damages

Actual damages under the SBA are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The reduction is based on miles driven before the first attempted repair of the defect. *Id.*

Defendant asserts that Plaintiffs' actual damages are $44,219.35. (Def.'s Br. 13.) Defendant presents insufficient support for its calculation. The sole evidence Defendant presents is a declaration of counsel attaching a payoff quote. (Proudfoot Decl. ¶ 6 & Ex. 4, ECF No. 18-1.) Counsel does not support his estimation of the "total amount due to Plaintiffs" of $9,839.40 with any substantiating evidence, (Proudfoot Decl. ¶ 6), and Defendant fails to explain or present evidence supporting the other components of its damages calculation. (*See* Def.'s Br. 13 (providing line items for down payment, negative equity, unpaid late charges, scheduled payments, and "DMV").) Nor does Defendant provide an estimation of the reduction in value attributable to use by the buyer, such as facts establishing "the number of miles traveled . . . prior to the time the buyer first delivered the vehicle" for repair. Cal. Civ. Code § 1793.2(d)(2)(C). The Court rejects Defendant's argument that the mileage offset should be disregarded in the

jurisdictional evaluation. (Def.'s Br. 17–19.) *See D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC (JCx), 2020 U.S. Dist. LEXIS 90921, at *6–7 (C.D. Cal. May 21, 2020) (collecting remand decisions in which defendants failed to account for mileage offset). Defendant fails to meet its burden to show its calculations are appropriate.

### B. Civil Penalties

Plaintiffs may be entitled to a civil penalty no greater than twice the amount of actual damages only if Defendant's violations were willful. Cal. Civ. Code § 1794(c). However, in the jurisdictional analysis, "[t]he civil penalty . . . cannot simply be assumed"; instead, "the defendant must make some effort to justify the assumption." *D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *8 (internal quotation marks omitted) (collecting cases). Courts do not include civil penalties in the jurisdictional analysis "unless the removing defendant makes some showing regarding the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477, at *7–8 (S.D. Cal. Apr. 28, 2021) (collecting cases).

Defendant asserts that the Court should include the maximum civil penalty in evaluating the amount in controversy given "Plaintiffs' own detailed allegations warranting a potential civil penalty." (Def.'s Br. 12–15.) Defendant, not Plaintiffs, bears the burden of establishing subject-matter jurisdiction. If Plaintiffs' "boilerplate allegations [concerning willfulness] were sufficient to defeat remand, then virtually any [SBA] action . . . would remain in federal court." *See Savall*, 2021 U.S. Dist. LEXIS 81477, at *8. Defendant presents no evidence that a civil penalty is likely to be awarded in this case, let alone evidence justifying the maximum penalty. *See, e.g.*, *id.* ("Other than referring to Plaintiff's allegation that FCA acted willfully . . . , FCA provides no support for the likelihood that a civil penalty based on its willfulness would actually be awarded in this case, or that the full civil penalty would be awarded."); *Chajon v. Ford Motor Co.*, No. 2:18-cv-10533-RGK (RAOx), 2019 U.S. Dist. LEXIS 4254, at *3–4 (C.D. Cal. Jan. 8, 2019) ("As to civil penalties, while authorized under the Song-Beverly Act, Defendants have not offered any evidence to support such an award."). Defendant

has not established that the requested civil penalty is more likely than not in controversy.

Even if Defendant could support its argument for a civil penalty with evidence, because Defendant fails to establish actual damages beyond speculation, the Court has insufficient information to determine the proper measure of the civil penalty. *See Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAx), 2016 U.S. Dist. LEXIS 153618, at *14 (C.D. Cal. Nov. 4, 2016) ("Defendant failed to establish the amount of actual damages at issue, which is necessary to determine the total civil penalty."); *cf. D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *9 ("[T]here is no basis for concluding that the amount payable under the lease even roughly approximates Plaintiff's actual damages. There is equally little basis for concluding that a civil penalty of double that amount would be awarded.").

**C. Fees**

"Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino*, 506 F.3d at 700; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

Defendant submits that "Plaintiffs' attorneys in Song-Beverly cases tried or prepared for trial regularly request more than $65,000 in fees." (Notice of Removal ¶ 31; *accord* Def.'s Br. 15–17.) Another court in this district rejected a strikingly similar argument, and this Court finds its reasoning persuasive:

> "Defendant argues . . . generally that plaintiff's attorneys regularly request more than $65,000 in [SBA] cases . . . . [T]he Court is not persuaded that 'more than $65,000' is a reasonable estimate of attorney fees in this case. Indeed, many cases alleging violations of the Act settle early, and Defendant provides no explanation for why this case is similar to ones that went to trial. Nor does Defendant provide

> an estimate of the hours that will be incurred or hourly rates that would apply in this case.

*D'Amico*, 2020 U.S. Dist. LEXIS 90921, at *10–11 (internal quotation marks omitted). Irrespective of the fees commonly awarded or incurred in SBA cases, Defendant fails to provide an explanation or evidence substantiating why *this* case will generate fees in that amount. *See, e.g.*, *Schneider*, 441 F. Supp. 3d at 914 (finding burden unmet where "Defendants fail to provide the Court with specific evidence showing the attorneys' fees *in this case* are 'more likely than not'" to bring the amount in controversy above the jurisdictional threshold). Defendant fails to establish beyond speculation the measure of attorney's fees at issue in this case.

### D.  Summary

The amount in controversy is not clear from the face of the Complaint. Defendant fails to present evidence establishing that the amount in controversy more likely than not exceeds $75,000. Accordingly, Defendant has not shown the Court has subject-matter jurisdiction over the case. Remand is appropriate. 28 U.S.C. § 1447(c).

## IV.  CONCLUSION

The case is remanded to the Los Angeles County Superior Court, No. 21STCV24116. The Court directs the Clerk to effect the remand and close the case.

**IT IS SO ORDERED.**

Dated: December 1, 2021

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

6